# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

GREGORY KARAS,
**individually and on behalf of
all others similarly situated,**        **CASE NO.19-CV-1291**

      **and**

ANDREA THUNHORST,
**individually and on behalf of
all others similarly situated,**

       **Plaintiffs,**

   **v.**

GENDLIN, LIVERMAN & RYMER, S.C.,

ANDREW R. LIVERMAN,

      **and**

TIMOTHY J. RYMER,

       **Defendants.**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Plaintiffs Gregory Karas and Andrea Thunhorst, individually and on behalf all other similarly situated current and former employees who worked as Investigators and Paralegals at Gendlin, Liverman & Rymer, S.C.

2. Plaintiffs Gregory Karas, Andrea Thunhorst, and the putative class members are, or were, Investigators or Paralegals at Defendant Gendlin, Liverman & Rymer, S.C. at times since September 6, 2016. Since that time, Gendlin, Liverman & Rymer, S.C. has had a common policy and practice of failing to pay its Investigators and Paralegals overtime premium compensation for all hours worked in excess of forty in a given workweek. As a result of these common policies and practices, Gendlin, Liverman & Rymer, S.C. has failed to compensate Plaintiff Gregory Karas, Plaintiff Andrea Thunhorst, and putative class members for overtime wages due in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws.

3. Plaintiffs Gregory Karas and Andrea Thunhorst bring this action, individually and on behalf of other similarly-situated current and former Investigators and Paralegals, as a collective action pursuant to the FLSA, for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Andrea Thunhorst also brings this action, individually and on behalf of other similarly-situated current and former Paralegals, pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Plaintiff Gregory Karas brings this action individually for purposes of obtaining relief under

Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Gendlin, Liverman & Rymer, S.C., Defendant Andrew R. Liverman, and Defendant Timothy J. Rymer have substantial and systematic contacts in this district.

## PARTIES

7. Defendant Gendlin, Liverman & Rymer, S.C. is a Wisconsin Service Company and has provided legal services since September 6, 2016.

8. Gendlin, Liverman & Rymer, S.C. has multiple office locations, including an office at 10335 W. Oklahoma Avenue, in Milwaukee, Wisconsin.

9. Gendlin, Liverman & Rymer, S.C. registered agent is Andrew R. Liverman, located at 10335 W. Oklahoma Avenue, in Milwaukee, Wisconsin.

10. Defendant Andrew R. Liverman ("Liverman") and Defendant Timothy J. Rymer ("Rymer") are partners of Gendlin, Liverman & Rymer, S.C.

11. Defendant Gendlin, Liverman & Rymer, S.C., Defendant Liverman, and Defendant Rymer are collectively referred to herein as "GLR."

12. Plaintiff Gregory Karas (hereinafter "Plaintiff Karas") is an adult who resides in Waukesha County in the State of Wisconsin. Plaintiff Karas' Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached, as Exhibit A, to and is made a part of this Complaint.

13. Plaintiff Andrea Thunhorst (hereinafter "Plaintiff Thunhorst") is an adult who resides in Racine County in the State of Wisconsin. Plaintiff Thunhorst's Notice of consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached, as Exhibit A, to and is made a part of this Complaint.

14. Plaintiff Karas and Plaintiff Thunhorst will be referred to hereinafter as the "Named Plaintiffs."

15. Plaintiff Karas brings this action on behalf of himself and all other similarly situated employees in the FLSA Investigator Class, as authorized under FLSA, 29 U.S.C. § 216(b). The **FLSA Investigator Class** is defined as follows:

> All persons who worked for GLR within three years prior to this action's filing and were not paid one and one-half times their hourly rate for all hours worked as an Investigator in excess of forty hours in a workweek.

16. Plaintiff Thunhorst brings this action on behalf of herself and all other similarly situated employees in the FLSA Paralegal Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Paralegal Class** is defined as follows:

All persons who worked for GLR within three years prior
to this action's filing and were not paid one and one-half
times their hourly rate for all hours worked as a Paralegal
in excess of forty hours in a workweek.

17.     Plaintiff Thunhorst brings this action on behalf of herself and all other

similarly situated employees in the Wisconsin Paralegal Class pursuant to FED. R.

CIV. P. 23. The **Wisconsin Paralegal Class** is defined as follows:

All persons who worked for GLR within two years prior to
this action's filing and were not paid one and one-half times
their hourly rate for all hours worked as a Paralegal in
excess of forty hours in a workweek.

18.     The FLSA Paralegal Class and the Wisconsin Paralegal Class will be

referred to collectively hereinafter as the "Paralegal Classes."

19.     The FLSA Investigator Class and the FLSA Paralegal Class will be

referred to collectively hereinafter as the "Collective Classes."

20.     The FLSA Investigator Class, the FLSA Paralegal Class, and the

Wisconsin Paralegal Class will be referred to collectively hereinafter as the

"Classes."

## GENERAL ALLEGATIONS

21.     GLR is a personal injury law firm that focuses on personal injury law.

22.     Since September 6, 2016, GLR employed members of the Classes.

23.     Plaintiff Karas and the FLSA Investigator Class work, or have worked,

for GLR as Investigators at times since September 6, 2016.

24.     Plaintiff Thunhorst and the FLSA Paralegal Class work, or have

worked, for GLR as Paralegals at times since September 6, 2016.

25.     Plaintiff Thunhorst and the Wisconsin Paralegal Class work, or have worked, for GLR as Paralegals at times since September 6, 2017.

26.     Since September 6, 2016, GLR agreed to pay the Named Plaintiffs, the FLSA Investigator Class, and the Paralegal Classes bi-weekly.

27.     Plaintiff Karas and the FLSA Investigator Class were paid an agreed upon hourly rate for the work they performed for GLR.

28.     Plaintiff Thunhorst and the Paralegal Classes were paid a bi-weekly salary rate based upon forty-hour workweeks.

29.     Since September 6, 2016, GLR has regularly suffered or permitted the Named Plaintiffs, the FLSA Investigator Class, and the Paralegal Classes to work in excess of forty hours in a given workweek.

30.     Since September 6, 2016, GLR—by and through Liverman and Rymer—has been aware that the Named Plaintiffs, the FLSA Investigator Class, and the Paralegal Classes worked in excess of forty hours in various workweeks.

31.     Since September 6, 2016, GLR has paid Plaintiff Thunhorst and the Paralegal Classes a salary without regard to the actual hours worked by Plaintiff Thunhorst and the Paralegal Classes.

32.     Since September 6, 2016, in workweeks where Plaintiff Thunhorst and the Paralegal Classes worked more than forty hours in a workweek, GLR did not pay them overtime premium compensation for those hours.

33.     Since September 6, 2016, GLR has paid Plaintiff Karas and the FLSA Investigator Class at the same agreed upon hourly rate for all hours worked.

34. Since September 6, 2016, in workweeks where Plaintiff Karas and the FLSA Investigator Class worked more than forty hours in a workweek, GLR did not pay them overtime premium compensation for those hours.

35. Since September 6, 2016, GLR paid Karas and the FLSA Investigator Class at the same agreed upon hourly rate for hours worked over forty in a workweek as the hourly rate of hours worked under forty in a workweek.

36. As a result of the foregoing, GLR has failed to properly compensate the Named Plaintiffs, the FLSA Investigator Class, and the Paralegal Classes at one and one-half times their respective, regular rates of pay for all hours worked in excess of forty in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA").

37. GLR has also failed to properly compensate the Named Plaintiffs and the Wisconsin Paralegal Class at one and one-half times their respective, regular rates of pay for all hours worked in excess of forty in a workweek in violation of Wisconsin Law.

38. GLR's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Named Plaintiffs, the FLSA Investigator Class, and the Paralegal Classes.

39. Liverman has and continues to control the day-to-day operations of Gendlin, Liverman & Rymer, S.C.

40. Liverman has and continues to have operational control of Gendlin, Liverman & Rymer, S.C.

41.     Liverman has and continues to have control over all human resources and compensation aspects of Gendlin, Liverman & Rymer, S.C.'s operation.

42.     Liverman determined the rates and methods of compensation for its Investigators and Paralegals and determined that GLR's Investigators and Paralegals would not be paid an overtime premium for all hours worked in excess of forty hours in a work week.

43.     Rymer has and continues to control the day-to-day operations of Gendlin, Liverman & Rymer, S.C.

44.     Rymer has and continues to have operational control of Gendlin, Liverman & Rymer, S.C.

45.     Rymer has and continues to have control over all human resources and compensation aspects of Gendlin, Liverman & Rymer, S.C.'s operation.

46.     Rymer determined the rates and methods of compensation for its Investigators and Paralegals and determined that GLR's Investigators and Paralegals would not be paid an overtime premium for all hours worked in excess of forty hours in a work week.

47.     Defendant Gendlin, Liverman & Rymer, S.C., Defendant Liverman, and Defendant Rymer are joint employers.

## COLLECTIVE ACTION ALLEGATIONS OF THE COLLECTIVE CLASSES UNDER THE FLSA

48.     The Named Plaintiffs and the Collective Classes are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to GLR's decisions, policies, plans and programs, practices,

procedures, protocols, routines, and rules willfully failing and refusing to adequately compensate them for each hour worked including overtime compensation. The FLSA claims of the Named Plaintiffs, as stated herein, are the same as those of the Collective Classes they seek to represent.

49.     The Named Plaintiffs and the Collective Classes seek relief on a collective basis and challenge the policies and practices which lead to federal wage violations.

50.     As a result of the above alleged uniform pay practices, GLR has failed to pay the Named Plaintiffs and the Collective Classes overtime wages for all hours worked in excess of forty per week.

51.      The Collective Classes are readily ascertainable. For purpose of Notice and other purposes related to this action, their names, phone numbers, social security numbers, email addresses, and street addresses are readily available from GLR. Notice can be provided to the Collective Classes via first class mail to the last street address known to GLR, via email, and via text message.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

52.     Plaintiff Thunhorst brings her Wisconsin state law claim, pursuant to the Wisconsin wage laws, under Fed. R. Civ. P. 23 on behalf of the Wisconsin Paralegal Class for violations occurring on or after September 6, 2017.

53.     The members of the Wisconsin Paralegal Class are readily ascertainable. The number and identity of the members of the Wisconsin Paralegal Class are ascertainable from the records of GLR. The proposed Wisconsin Paralegal

Class is so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of GLR, upon information and belief, there are more than forty members in the Wisconsin Paralegal Class.

54.     Plaintiff Thunhorst's claims are typical of those claims which could be alleged by any member of the Wisconsin Paralegal Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Paralegal Class in separate actions. The alleged claims arise out of the same corporate practices of GLR and GLR benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Paralegal Class member. Plaintiff Thunhorst and other members of the Wisconsin Paralegal Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

55.     Plaintiff Thunhorst is able to fairly and adequately protect the interests of the Wisconsin Paralegal Class, has no interests antagonistic to the Wisconsin Paralegal Class, and has retained counsel experienced in complex wage and hour class action litigation.

56.     There are questions of fact and law common to the Wisconsin Paralegal Class that predominate over any questions affecting only individual

members. The questions of law and fact common to the class arising from GLR's

actions include, but are not limited to, the following:

> a)      Whether GLR failed to pay Plaintiff Thunhorst and the
> Wisconsin Class overtime premium compensation for all work GLR
> suffered or permitted them to perform at the applicable overtime
> premium compensation rate as required by Wisconsin law; and
>
> b)      The nature and extent of class-wide injury and the calculation
> used to measure of damages for the injury.

57.      A class action is superior to other available methods for the fair and

efficient adjudication of the controversy, particularly in the context of wage and

hour litigation where individual plaintiffs with relatively small claims are often

dissuaded from prosecuting separate lawsuits in federal court due to the cost of

litigation.

58.      The questions set forth above predominate over any questions affecting

only individual persons, and a class action is superior with respect to considerations

of consistency, economy, efficiency, fairness, and equity to other available methods

for fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### <u>Violations of the Fair Labor Standards Act – Unpaid Overtime</u>
### <u>Compensation Due to the FLSA Paralegal Class</u>

59.      Plaintiff Thunhorst, individually and on behalf of the FLSA Paralegal

Class, reasserts and incorporates by reference all preceding paragraphs as if

restated herein.

60.     Since September 6, 2016, Plaintiff Thunhorst and the FLSA Paralegal Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

61.     Since September 6, 2016, GLR has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r)(1).

62.     Since September 6, 2016, Plaintiff Thunhorst and the members of the FLSA Paralegal Class have been employees within the meaning of 29 U.S.C. § 203(e).

63.     Since September 6, 2016, GLR has been an employer of Plaintiff Thunhorst and the members of the FLSA Paralegal Class as provided under 29 U.S.C. § 203(d).

64.     Since September 6, 2016, GLR has violated the FLSA by failing to pay overtime compensation due to Plaintiff Thunhorst and the FLSA Paralegal Class for each hour worked in excess of forty hours in any given workweek.

65.     Plaintiff Thunhorst and the FLSA Paralegal Class are entitled to damages equal to the mandated overtime premium pay for all hours worked over forty in a given workweek within the three years prior to the filing of this matter, plus periods of equitable tolling because GLR acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

66.     GLR's failure to properly compensate Plaintiff Thunhorst and the FLSA Paralegal Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Thunhorst and the FLSA Paralegal Class are

therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that GLR did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Thunhorst and the FLSA Paralegal Class are entitled to an award of pre-judgment interest at the applicable legal rate.

68. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Thunhorst and the FLSA Paralegal Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

**SECOND CLAIM FOR RELIEF**
**<u>Violation of Wisconsin Law – Unpaid Overtime Compensation</u>**
**<u>Due to Wisconsin Paralegal Class</u>**

69. Plaintiff Thunhorst, individually and on behalf of the Wisconsin Paralegal Class, realleges and incorporates by reference all preceding paragraphs as if restated herein.

70. Since September 6, 2017, Plaintiff Thunhorst and the Wisconsin Paralegal Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

71. Since September 6, 2017, Plaintiff Thunhorst and the Wisconsin Paralegal Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

72.     Since September 6, 2017, Plaintiff Thunhorst and the Wisconsin Paralegal Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

73.     Since September 6, 2017, GLR was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

74.     Since September 6, 2017, GLR was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

75.     Since September 6, 2017, GLR was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

76.     Since September 6, 2017, GLR has employed, and/or continues to employ, Plaintiff Thunhorst and the Wisconsin Paralegal Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

77.     Since September 6, 2017, GLR has employed, and/or continues to employ, Plaintiff Thunhorst and the Wisconsin Paralegal Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

78.     Since September 6, 2017, GLR has employed, and/or continues to employ, Plaintiff Thunhorst and the Wisconsin Paralegal Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

79.     Since September 6, 2017, Plaintiff Thunhorst and the Wisconsin Paralegal Class have regularly performed work in excess of forty hours per workweek while employed by GLR without receiving overtime premium compensation for all hours worked in excess of forty hours per week.

80.    Since September 6, 2017, GLR had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Thunhorst and the Wisconsin Paralegal Class for all hours worked in excess of forty hours per week.

81.    Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

82.    The foregoing conduct of GLR, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime and agreed upon wages.

83.    As set forth above, Plaintiff Thunhorst and the Wisconsin Paralegal Class have sustained losses in their compensation as a proximate result of GLR's violations. Accordingly, Plaintiff Thunhorst, individually and on behalf of the Wisconsin Paralegal Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring GLR to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

84.    Under Wis. Stat. § 109.11, Plaintiff Thunhorst and the Wisconsin Paralegal Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

85.    Under Wis. Stat. § 109.03(6), Plaintiff Thunhorst and the Wisconsin Paralegal Class are entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by GLR.

**THIRD CLAIM FOR RELIEF**
<u>**Violations of the Fair Labor Standards Act – Unpaid Overtime**
**Compensation Due to the FLSA Investigator Class**</u>

86.     Plaintiff Karas, individually and on behalf of the FLSA Investigator

Class, reasserts and incorporates by reference all preceding paragraphs as if

restated herein.

87.     Since September 6, 2016, Plaintiff Karas and the FLSA Investigator

Class have been entitled to the rights, protections, and benefits provided under the

FLSA, 29 U.S.C. § 201 *et. seq.*

88.     Since September 6, 2016, GLR has been and continues to be an

enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r)(1).

89.     Since September 6, 2016, Plaintiff Karas and the members of the

FLSA Investigator Class have been employees within the meaning of 29 U.S.C.

§203(e).

90.     Since September 6, 2016, GLR has been an employer of Plaintiff Karas

and the members of the FLSA Investigator Class as provided under 29 U.S.C. §

203(d).

91.     Since September 6, 2016, GLR has violated the FLSA by failing to pay

overtime compensation due to Plaintiff Karas and the FLSA Investigator Class for

each hour worked in excess of forty hours in any given workweek.

92.     Plaintiff Karas and the FLSA Investigator Class are entitled to

damages equal to mandated overtime premium pay for all hours worked over forty

in a given workweek within the three years prior to the filing of this matter, plus

periods of equitable tolling because GLR acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

93.     GLR's failure to properly compensate Plaintiff Karas and the FLSA Investigator Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Karas and the FLSA Investigator Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime premium pay described above pursuant to Section 216(b) of the FLSA. 29 U.S.C. § 216(b).

94.     Alternatively, should the Court find that GLR did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Karas and the FLSA Investigator Class are entitled to an award of pre-judgment interest at the applicable legal rate.

95.     Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Karas and the FLSA Investigator Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## FOURTH CLAIM FOR RELIEF
## Violation of Wisconsin Law – Unpaid Overtime Compensation Due to Plaintiff Karas

96.     Plaintiff Karas realleges and incorporates by reference all preceding paragraphs as if restated herein.

97.     Since September 6, 2017, Plaintiff Karas has been an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

98. Since September 6, 2017, Plaintiff Karas has been an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

99. Since September 6, 2017, Plaintiff Karas has been an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

100. Since September 6, 2017, GLR was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

101. Since September 6, 2017, GLR was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

102. Since September 6, 2017, GLR was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

103. Since September 6, 2017, GLR has employed, and/or continues to employ, Plaintiff Karas within the meaning of Wis. Stat. §§ 109.01 *et seq.*

104. Since September 6, 2017, GLR has employed, and/or continues to employ, Plaintiff Karas within the meaning of Wis. Stat. §§ 103.001 *et seq.*

105. Since September 6, 2017, GLR has employed, and/or continues to employ, Plaintiff Karas within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

106. Since September 6, 2017, Plaintiff Karas regularly performed work in excess of forty hours per workweek while employed by GLR without receiving an overtime premium for all hours worked in excess of forty hours per week.

107. Since September 6, 2017, GLR had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully

failing to properly pay Plaintiff Karas overtime for all hours worked in excess of forty hours per week.

108.    Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

109.    The foregoing conduct of GLR, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime and agreed upon wages.

110.    As set forth above, Plaintiff Karas has sustained losses in his compensation as a proximate result of GLR's violations. Accordingly, Plaintiff Karas seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring GLR to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

111.    Under Wis. Stat. § 109.11, Plaintiff Karas is entitled to civil penalties equal and up to fifty percent of his unpaid wages.

112.    Under Wis. Stat. § 109.03(6), Plaintiff Karas is entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by GLR.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Karas and Plaintiff Thunhorst, individually and on behalf of all members of the Classes hereby respectfully requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Classes and allowing issuance

of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Paralegal Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Thunhorst as the Named Plaintiff and as representative of the Wisconsin Paralegal Class;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring GLR's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations;

g) An Order finding that GLR violated FLSA and Wisconsin wage and hour law;

h) Judgment against GLR in the amount equal to Plaintiff Karas, Plaintiff Thunhorst, the Collective Classes', and the Wisconsin Paralegal Class's unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

i) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

k) Such further relief as the Court deems just and equitable.

Dated this 6th day of September 2019.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs

By:   s/Larry A. Johnson
       Larry A. Johnson, SBN 1056619
       Summer H. Murshid, SBN 1075404
       Timothy P. Maynard, SBN 1080953

       Hawks Quindel, S.C.
       222 East Erie Street, Suite 210
       PO Box 442
       Milwaukee, WI 53201-0442

       Telephone: 414-271-8650
       Fax: 414-271-8442
       Email:     ljohnson@hq-law.com
                    smurshid@hq-law.com
                    tmaynard@hq-law.com