UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**GREGORY KARAS, and**
**ANDREA THUNHORST,**
individually and on behalf of
all others similarly situated,
       Plaintiffs,

    **v.**

**GENDLIN, LIVERMAN & RYMER, S.C.,**
**and ANDREW R. LIVERMAN,**
**and TIMOTHY J. RYMER,**
       Defendants.

CASE NO. 19-CV-1291-JPS

---

### JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
### AND DISMISSAL WITH PREJUDICE

---

Pursuant to FED. R. CIV. P. 7(b) and Civ. L. R. 7, the Parties, by their undersigned counsel, hereby move the Court for: (a) approval of their Settlement Agreement; and (b) dismissal of this action with prejudice and without costs pursuant to Fed. R. Civ. P. 41. The grounds for the motion are as follows:

    1.    This is an action brought, in part, under the Fair Labor Standards Act ("FLSA"). The Parties have reached a settlement. Pursuant to that settlement, in exchange for a monetary payment, Gregory Karas, Andrea Thunhorst, and Veronica Delgado ("Plaintiffs") are required to dismiss their FLSA and Wisconsin wage and hour law claims with prejudice and release the Defendants from any further liability under the FLSA and Wisconsin wage and hour laws for the time period in question. A copy of the Parties' Settlement and Release Agreement is being filed as Exhibit A to this motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district

court. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Because the Parties believe they have reached a fair resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice.

2. When reviewing the fairness of a settlement under the FLSA, a court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F. Supp. 2d at 995. An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel ... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id*. (internal quotation and citation omitted). A court reviewing a FLSA settlement "may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id*. (internal quotation and citation omitted). Courts look to the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 U.S. Dist. LEXIS 57148, at *6 (W.D. Wis. Apr. 29, 2016)(*citing Burkholder*, 750 F. Supp. 2d at 995).

3. Because the Parties believe they have reached a fair resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice and without further costs to either party.

4. After pre-litigation settlement efforts were unsuccessful, Plaintiffs Karas and Thunhorst filed their complaint on September 6, 2019 alleging that they and other similarly-situated individuals working as investigators and paralegals for Defendants were not paid overtime compensation for hours worked in excess of forty in a workweek in violation of the FLSA and Wisconsin wage and hour laws (ECF No. 1).

5. Defendants answered the Complaint on October 1, 2016 and denied the allegations of the Complaint that would subject Defendants to liability for unpaid overtime wages. (ECF No. 6.)

6. Counsel for the Parties negotiated the terms of a protective order and Fed. R. Civ. P. 26(f) report before ultimately stipulating to conditionally certify two classes of potential 29 U.S.C. § 216(b) collective actions for paralegals and investigators working for Defendants on November 5, 2019 with the intent to mediate the claims of all opt-ins after the close of the notice period. (ECF Nos. 13—14, 18.)

7. During the course of the notice period, only one additional individual – Veronica Delgado – asserted her claims in this matter. A prior opt-in, Jeffrey Smith, further withdrew his claims on January 13, 2020. (ECF Nos. 20—21.)

8. Plaintiffs' Counsel reviewed and analyzed records provided by Defendants in order to evaluate Plaintiffs' Claims in advance of the Parties' mediation on January 15, 2020 before a neutral third party. In addition, Plaintiffs' Counsel drafted mediation statements in advance of the mediation and performed legal research into Defendants' alleged affirmative defenses in this matter – including that Plaintiffs were exempt from the overtime provisions of the FLSA and Wisconsin law.

9. On January 15, 2020, the Parties engaged in good-faith, arms' length settlement negotiations in mediation and were able to reach a settlement for the Plaintiffs' claims for a total of $45,000.00. The Parties' settlement was reached in light of bona fide disputes related to Plaintiffs' claims, including:

   a. Whether Plaintiffs were exempt from payment of overtime wages under the FLSA and Wisconsin law;

   b. The amount and extent of Plaintiffs' damages in the event that Plaintiffs' allegations were proven;

   c. Whether, if not exempt, Plaintiffs would be entitled to a third year of recovery for a willful violation under the FLSA; and

   d. Whether, if Plaintiffs were not exempt and their allegations were proven, Plaintiffs would be entitled to recover liquidated damages and/or civil penalties under the FLSA and Wisconsin law respectively.

10. The Parties believe their settlement is a fair and reasonable resolution of Plaintiffs' claims in light of the expense and risks of continued litigation necessary to resolve their disputes as set forth above.

11. Attorneys' fees and costs are recoverable under the FLSA and Wisconsin wage and hour laws. See 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6). The determination of a "reasonable attorney's fee" under 29 U.S.C. §216(b) is based "on a calculation of the 'lodestar' – the hours reasonably expended by the reasonable hourly rate…" *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 639 (7th Cir. 2011). The lodestar "produces an award that *roughly* approximates the fee that the

prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010). Courts presume that "an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *Pickett* at 640. However, courts have also recognized the difficulty of determining the hourly rate of attorneys who use contingent fee agreements, and found the "'next best evidence" of such an attorney's market rate is "'evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Pickett* at 640, *citing Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 555 (7th Cir. 1999).

12. Over the course of this matter pending before the Court, Plaintiff's Counsel has spent over 100 hours litigating this matter and incurred $445.50 in costs. Specifically, Attorney Larry A. Johnson has spent 67.7 hours on this matter and his hourly rate is $400 per hour. Attorney Summer H. Murshid has spent 0.1 hours on this matter and her hourly rate is $400 per hour. Attorney Timothy P. Maynard has spent 3.1 hours on this matter and his hourly rate is $300 per hour. Finally, various law clerks worked on this matter for 36.6 hours at an hourly rate of $75.00 per hour. In total, $30,795.00 in attorney and law clerk time was expended in litigating this matter. The Settlement Agreement provides for a slightly reduced attorneys' fee and cost payment of $26,767.00

13. The hourly rates requested by Plaintiffs' Counsel are reasonable and within the market rates. Further, the hourly rates requested for Attorneys Johnson, Maynard, and Murshid were recently approved. *See Esteves et al. v. El Beso Mexican Restaurante et al.*, E.D. Wis. 15-cv-00484-LA, ECF No. 77 (E.D. Wis. May 23, 2019); *Thompson v. KHRG Employer, LLC*, 2018CV004663, Doc. 44 (Milwaukee County Circuit Court March 22, 2019); *Thompson v.*

*KHRG Employer, LLC*, 2018CV004663, Doc. 38 (Milwaukee County Circuit Court March 22, 2019). The rates requested by Plaintiff's Counsel are the same rates that Plaintiff's Counsel charges hourly paying clients for representation in other employment related matters. Additionally, Plaintiff's Counsel has not requested any adjustment to the lodestar.

14. Pursuant to Civ. L. R. 7, the Parties hereby certify that this Motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which, if incurred, may otherwise be a barrier to the Parties' ability to resolve this matter.

WHEREFORE, for all the foregoing reasons, Plaintiffs and Defendants request that the Court approve the Settlement Agreement and dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41.

Dated this 31st day of January, 2020.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| s / Erica N. Reib | s/ *Larry A. Johnson* |
| Joseph E. Gumina, SBN 1001645 | Larry A. Johnson, SBN 1056619 |
| Joseph.gumina@wilaw.com | ljohnson@hq-law.com |
| Erica N. Reib, SBN 1084760 | Summer H. Murshid, SBN 1075404 |
| Erica.reib@wilaw.com | smurshid@hq-law.com |
| Christa Wittenberg SBN 1096703 | Timothy P. Maynard, SBN 1080953 |
| Christa.wittenberg@wilaw.com | tmaynard@hq-law.com |
| | |
| O'Neil, Cannon, Hollman, DeJong & Laing S.C. | Hawks Quindel, S.C. |
| 111 E. Wisconsin Avenue, Suite 1400 | 222 E. Erie Street, Suite 210 |
| Milwaukee, WI 53202 | Milwaukee, WI 53202 |
| (414) 276-5000 (office) | (414) 271-8650 (office) |
| (414) 276-6581 (facsimile) | (414) 271-8442 (facsimile) |
| | |
| Attorneys for Defendants | Attorneys for Plaintiffs |