DocuSign Envelope ID: 00A6D74A-C777-40AD-9BA4-A28F2C35D855

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into between Defendants Gendlin, Liverman & Rymer S.C., Andrew R. Liverman, and Timothy J. Rymer (collectively "Defendants" hereinafter) and Plaintiffs Gregory Karas, Veronica Delgado, and Andrea Thunhorst (collectively "Plaintiffs" hereinafter). Also, the Plaintiffs and Defendants may referred to in this Agreement as the "Parties."

WHEREAS, Gregory Karas and Andrea Thunhorst filed a lawsuit alleging that Defendants failed to pay them and other similarly situated individuals overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Wisconsin wage and hour laws, Wis. Stat. § 103.01, et seq., Wis. Stat. § 104.01 et seq., and Wis. Stat. § 109.01 et seq., and related Wisconsin administrative regulations (collectively "Wisconsin Wage and Hour Law"), which lawsuit is captioned *Karas v. Gendlin, Liverman & Rymer, S.C., et al.*, pending in the United States District Court for the Eastern District of Wisconsin, Case No. 19-cv-1291 (hereinafter the "Lawsuit"); and

WHEREAS, Plaintiffs have each consented to join the Lawsuit as a Plaintiff; and

WHEREAS, there are bona fide disputes as to the facts and law regarding Plaintiffs' claims including, but not limited to, whether their claims are barred in whole or part by the applicable statutes of limitations, whether they would be entitled to liquidated damages and/or other penalties under the FLSA or Wisconsin Wage and Hour Law claims, and whether the outside salesman exemption is applicable to Plaintiff Karas's claim and that of other similarly situated individuals; and

WHEREAS, this Agreement was reached following arms-length negotiations through a private mediator on January 15, 2020; and

WHEREAS, all parties desire to fully compromise and settle all existing and potential disputes and to avoid the expense and uncertainty of further litigation;

NOW, THEREFORE, in consideration of the provisions of the mutual covenants and promises contained herein, Plaintiffs and Defendants agree to fully and completely settle all of their claims in their entirety as follows:

1. **CONSIDERATION** - In exchange for the promises in this Agreement, and for such other consideration as provided in this Agreement, following Defendants' receipt of this Agreement executed by each Plaintiff, a completed W-4 from each Plaintiff, a completed W-9 from Plaintiffs' counsel's law firm, and approval by the Court as to the fairness of this Agreement through a Joint Motion for Approval of Settlement and entry of a Court Order approving the settlement through this Agreement and dismissing the Lawsuit with prejudice and without costs or fees except as provided for in this Agreement:

    (a) Defendants will, within 14 days of the Court's entry of an order approving the settlement reached through this Agreement, provide payment of $45,000.00, allocated according the following table:

- 2 -

Case 2:19-cv-01291-JPS   Filed 01/31/20   Page 2 of 8   Document 23-1

| PAYABLE TO: | W2 PAYMENT: | 1099 PAYMENT: |
|---|---|---|
| Gregory Karas | $2,885.50 | $2,885.50 |
| Andrea Thunhorst | $5,981.00 | $5,981.00 |
| Veronica Delgado | $250.00 | $250.00 |
| Hawks Quindel, S.C. | -- | $26,767.00 |

All payments shall be made by check payable to the respective parties and their attorneys as set forth in the table above and shall be remitted to the law offices of Hawks Quindel, S.C. The payment made to Hawks Quindel, S.C. shall constitute payment for Plaintiffs' attorneys' fees and costs incurred in this matter and shall be reported to Hawks Quindel, S.C. on IRS Form 1099-MISC. All other payments identified shall be treated for tax purposes according to the column heading under which such amounts are set forth, with amounts allocated under the column titled "W2 Payment:" representing gross amounts before withholdings and being reported to Plaintiffs on IRS Form W2 and amounts allocated under the column titled "1099 Payment:" being made with no withholdings and reported to Plaintiffs on IRS Form 1099-MISC. Defendants shall be responsible for any employer-side taxes due on the W2 payments made under this Agreement. All payments will be delivered to Attorney Larry A. Johnson, Hawks Quindel, S.C., P.O. Box 442, Milwaukee, WI, 53201-0442.

(b) The Plaintiffs acknowledge that the above payment(s) represent consideration from Defendants, and they are not otherwise entitled to the above payment(s) or the other consideration provided in this Agreement if they do not sign this Agreement. These payments and additional consideration are sufficient to support this Agreement. The Defendants make no representations as to the employment and income tax consequences to the Plaintiffs.

(c) Each individual Plaintiff acknowledges and agrees that he or she is solely responsible for any and all federal, state, and local taxes that may be due by each individual Plaintiff from any monetary consideration paid pursuant to this Agreement, whether it is determined that any taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a change to the laws governing the taxation of such payments. Plaintiffs expressly acknowledge and agree that they are relying upon their own legal and/or tax advisors, and not upon Defendants or Defendants' attorneys, with respect to any tax aspect of this Agreement.

2. **ADMINISTRATION OF SETTLEMENT** – The Parties have filed a Notice of Settlement in the Lawsuit on January 22, 2020. The Parties shall file their Motion for Approval of the Settlement and Dismissal with Prejudice on or before January 31, 2020.

DocuSign Envelope ID: 00A6D74A-C777-40AD-9BA4-A28F2C35D855

3. **PLAINTIFFS' RELEASE OF CLAIMS** - Each individual Plaintiff and each individual Plaintiff's respective heirs, assigns, and agents release, waive, and forever discharge Defendants, both individually and collectively, and the Released Parties as defined below from each and every waivable claim, action or right of any sort arising out of their respective employment with Defendants, including but not limited to the claims asserted in the Lawsuit, known or unknown, arising on or before the date that that individual Plaintiff signs this Agreement.

   (a) The foregoing release includes, but is not limited to, any claim of discrimination on the basis of race, disability, age, sex, pregnancy, religion, marital status, sexual orientation, national origin, age, veteran status, special disabled veteran status, or citizenship status, retaliation, or any other category protected by law; any claim based on a statutory prohibition or requirement, including but not limited to the federal or state family and medical leave acts; any claim arising out of or related to an express or implied employment contract, any other contract affecting terms and conditions of employment, any claim for unpaid compensation or benefits of any kind, including but not limited to a claim for minimum wages, overtime compensation, incentive or commission compensation, or a covenant of good faith and fair dealing; any tort claims arising out of their employment with Defendants, including but not limited to claims for defamation, invasion of privacy, and/or infliction of emotional distress arising out of their employment with Defendants; and any claims to attorney's fees or expenses, which Plaintiffs' attorney(s) hereby also waive other than those set forth in Section 1(a) above. Examples of claims released under this Paragraph include, but are not limited to, claims arising under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act (ADA), the Equal Pay Act, the Fair Labor Standards Act (FLSA), the federal Family and Medical Leave Act (FMLA), Wisconsin Wage and Hour Law, Wisconsin fair employment and family and medical leave laws; wage claims based on applicable Wisconsin statutes, regulations, or common law; and any other federal, state or local laws regulating the employment relationship.

   (b) Released Parties are defined as Defendants, and any of their past or present owners, parents, affiliates, subsidiaries, related companies, partnerships or joint ventures, and, with respect to each of the foregoing, their predecessors and successors, and with respect to each such entity, all of its past, present, and future subsidiaries, employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs), and any other person acting by, through, under or in concert with any of the persons or entities listed in this paragraph, and their successors.

   (c) Defendants acknowledge and the Plaintiffs further understand that nothing in this Agreement prevents any of them from participating in an investigation or proceeding of a governmental agency, but that the Plaintiffs are waiving any and all rights to monetary, injunctive or other personal relief that may result from that process as a result of entering into this Agreement.

DocuSign Envelope ID: 00A6D74A-C777-40AD-9BA4-A28F2C35D855

  (d) Nothing in this Agreement releases any worker's compensation claims which Plaintiff(s) may have, a claim for breach of this Agreement, or any claims arising after the date each respective Plaintiff signed this Agreement. Nothing in this Agreement releases claims of other employees of Defendant that are not defined as Plaintiffs in this Agreement.

4. **DEFENDANTS' RELEASES OF CLAIMS** – Except for breach of this Agreement, each Defendant agrees to release, waive, and discharge each Plaintiff from each and every claim, cause of action or right of any sort, whether known or unknown, arising on or before the date that each Defendant signs this Agreement.

5. **NON-ADMISSION OF LIABILITY** Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant. Nothing in this Agreement shall be offered by any Plaintiff or by their respective attorneys or construed as an admission of liability, wrongdoing, impropriety, responsibility, or fault whatsoever against any Defendant or their employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility, or fault whatsoever.

6. **NON-DISCLOSURE** – The Parties acknowledge that settlement of claims brought pursuant to the Fair Labor Standards act requires approval by the Court. *See, Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Other than the filing of this Agreement with the Court in the Lawsuit, the Parties and their respective attorneys and representatives agree to keep confidential and not disclose information concerning the terms of this Agreement, and/or the sums paid as consideration to any person, entity, or organization; except, Plaintiff(s) may divulge the contents of the Agreement only to their counsel, tax preparers, legal spouses, and government officials in their official capacity, provided that Plaintiff(s) instruct the authorized person(s) to whom disclosure is made to comply with the confidentiality provisions of this paragraph and that such individuals shall be bound by the confidentiality and non-disclosure provisions set forth herein. The Parties and their respective attorneys, agree that, except as required by law, including lawful subpoena or discovery requests, or as specified herein, the Parties shall not affirmatively or otherwise seek or make public disclosure of this Agreement or its contents, including but not limited to a statement, written or oral, to any person, newspaper, magazine, radio or television station; present or former employees; lessees, renters, or independent contractors of Defendants; any internet site, blog, or other posting. If asked, the Parties can state that all issues between them have been resolved and that such information is on file with the Court, or substantially similar language.

7. **BREACH** – Nothing in this Agreement shall limit or waive the Parties' ability to pursue a cause of action arising out of a breach of this Agreement. The Parties agree that the prevailing party in any such claim for breach arising out of this Agreement shall be entitled to all attorney's fees and costs incurred in pursuing such breach claims to be paid by the non-prevailing party.

8. **NON-DISPARAGEMENT –** From January 15, 2020 onward, the Parties agree not to make (or direct or cause any third party to make), directly or indirectly, in writing or orally, any

negative or disparaging statements which place the adverse Parties in the Lawsuit or, to the extent applicable, their officers, members, attorneys, employees or representatives, in a negative light to any third party. This paragraph does not prohibit any Party from making negative remarks in testifying in a deposition, hearing, trial, or other legal proceeding as required by law, pursuant to a lawfully-executed subpoena, where the Party making such remarks in good faith believes those remarks are truthful. To the extent that Defendants are contacted by a prospective employer(s) of Plaintiff(s) regarding Plaintiff(s)' employment by Defendants, Defendants agree that it and/or its employees will respond only by providing the following information for the respective Plaintiff(s): 1) last position held while employed by Gendlin, Liverman & Rymer, S.C.; 2) dates of employment for Defendants; and 3) last rate of pay while employed at Gendlin, Liverman & Rymer, S.C..

9. **FUTURE EMPLOYMENT** - Plaintiffs agree not to seek or accept employment with Defendant Gendlin, Liverman & Rymer, S.C. from January 15, 2020 onward. The Parties agree that, should Plaintiff(s) apply for, or seek, employment with Gendlin, Liverman & Rymer, S.C., in the future, this Agreement shall serve as a legitimate, non-discriminatory, and non-retaliatory basis for Gendlin, Liverman & Rymer, S.C., or for any other Defendant, to not hire or employ the Plaintiff(s) and that Plaintiff(s)' actions in applying for or seeking future employment with Gendlin, Liverman & Rymer, S.C. shall not constitute a breach of this Agreement.

10. **JOINT PRODUCT** - Defendants and Plaintiffs acknowledge that this Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

11. **ENTIRE AGREEMENT** - This Agreement sets forth the entire agreement and understanding between the parties hereto. The parties have not relied on any oral statements that are not included in this Agreement. This Agreement supersedes all prior agreements and understandings concerning the subject matter of this Agreement, except for agreements containing limitations on the Plaintiffs' ability to compete or solicit or disclose or use Confidential Information previously signed by any Plaintiff. Any modifications to this Agreement must be in writing and signed by the Plaintiff and an authorized employee or agent of Gendlin, Liverman & Rymer, S.C.

12. **APPLICABLE LAW** – To the extent this Agreement applies to claims arising under federal law, this Agreement shall, in all respects, be interpreted, enforced, and governed by federal law. To the extent this Agreement applies to claims arising under state law including any claim for breach of this Agreement, this Agreement shall, in all respects, be interpreted, enforced, and governed by the laws of the State of Wisconsin.

13. **COUNTERPARTS -** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Electronic signatures shall constitute valid signatures.

14. **COPIES** – A facsimile or electronic copy of a signed version of this Agreement shall have the same force and effect as an original.

DocuSign Envelope ID: 00A6D74A-C777-40AD-9BA4-A28F2C35D855

**16. ACKNOWLEDGEMENT - EACH PLAINTIFF HAS READ AND FULLY CONSIDERED THIS AGREEMENT AND THE RELEASE LANGUAGE CONTAINED WITH THIS AGREEMENT AND DESIRES TO VOLUNTARILY ENTER INTO THIS AGREEMENT. EACH PLAINTIFF HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY OF THEIR OWN CHOOSING PRIOR TO HIS OR HER EXECUTION OF THIS AGREEMENT AND RELEASE. EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO VOLUNTARILY AND FREELY WAIVE, SETTLE, AND RELEASE ALL CLAIMS, WHETHER KNOWN OR UNKNOWN, AGAINST EACH AND EVERY DEFENDANT.**

**WHEREFORE**, having fully read and understood this Agreement, the Parties sign their names below with the intention that they shall be legally bound by it.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

DocuSign Envelope ID: 00A6D74A-C777-40AD-9BA4-A28F2C35D855

**By GENDLIN, LIVERMAN & RYMER, S.C.:**

**By:**_____
Signature

_____
Title

_____
Date

**By GREGORY KARAS:**

*Gregory Karas*
—DocuSigned by: 035B5AFD80BC490...
Signature

1/30/2020
_____
Date

**By ANDREW R. LIVERMAN:**

_____
Signature

_____
Date

**By ANDREA THUNHORST:**

—DocuSigned by: E3E26E23D65A420...
Signature

1/30/2020
_____
Date

**By TIMOTHY J. RYMER:**

_____
Signature

_____
Date

**By VERONICA DELGADO:**

*Veronica Delgado*
—DocuSigned by: 234E126B1D74437...
Signature

1/30/2020
_____
Date

| By GENDLIN, LIVERMAN & RYMER, S.C.: | By GREGORY KARAS: |
|---|---|
| By: _[signature]_<br>Signature | _____<br>Signature |
| _President_<br>Title | |
| _1-30-2020_<br>Date | _____<br>Date |

| By ANDREW R. LIVERMAN: | By ANDREA THUNHORST: |
|---|---|
| _[signature]_<br>Signature | _____<br>Signature |
| _1-30-2020_<br>Date | _____<br>Date |

| By TIMOTHY J. RYMER: | By VERONICA DELGADO: |
|---|---|
| _Timothy J. Rymer_<br>Signature | _____<br>Signature |
| _1/30/2020_<br>Date | _____<br>Date |